# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TERESA HEARTSILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV00155 ERW |
| | ) | |
| ASCENSION HEALTH ALLIANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Limited Discovery [ECF No. 24].

This case arises under the Employee Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., to attempt to recover benefits under an employee welfare benefit plan and insurance program. Defendants Ascension Health Alliance and Sedgwick Claims Management Services, Incorporated ("Defendants") denied Plaintiff's claim for ongoing disability benefits. Plaintiff asks the Court to order Defendants to continue paying her disability benefits. In her motion, Plaintiff asks the Court to allow her to conduct limited discovery outside of the administrative record including: (1) production of Ascension's Administrative Services Agreement; (2) a deposition of Ascension's corporate representative about any conflict of interests between Ascension and Sedgwick; and (3) issuance of a subpoena to Dane Street, a third-party vendor, for documents and a deposition of a corporate representative to explore an alleged procedural irregularity in Dane Street's process of obtaining and reviewing reports from independent medical professionals relied upon in denying Plaintiff's claim.

A less deferential standard of review of the denial of benefits may be applied in cases where a claimant has presented "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty." *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998). The United States Supreme Court held a conflict of interest exists when the entity that administers the plan "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008). However, Glenn made it clear that the presence of a conflict of interest does not entitle the claimant to de novo review. *Wakkinen v. UNUM Life Ins. Co. of America*, 531 F.3d 575, 581 (8th Cir. 2008); s*ee also Chronister v. Unum Life Ins. Co. of America*, 563 F.3d 773, 775 (8th Cir. 2009) (abuse of discretion standard remains the appropriate standard for evaluating plan administrator's decision).

Courts have varied in their assessment of Glenn's impact on discovery in ERISA cases. Before Glenn, discovery was not permitted in cases reviewed for abuse of discretion. Following Glenn, courts in this district have permitted some discovery in ERISA cases. *See, e.g.*, *Sampson v. Prudential Life Ins. Co. of America*, No. 4:08CV1290 CDP, 2009 WL 882407 (E.D.Mo. Mar. 26, 2009); *Winterbauer v. Life Ins. Co. of No. America*, No. 4:07CV1026 DDN, 2008 WL 4643942 (E.D.Mo. Oct. 27, 2008). The scope of that discovery, however, has been limited to determining whether a conflict of interest or procedural irregularity exists. *See, e.g., T.D.E. v. Life Ins. Co. of No. America*, No. 4:07CV1387 CDP, 2009 WL 367701 *4 (E.D.Mo. Feb. 11, 2009) ("Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue."); *Winterbauer*, 2008 WL 4643492 at *5–6 (stating "it seems logical to allow some discovery on issues related to" the Glenn factors).

Defendants have agreed to production of the Administrative Services Agreement if the Court permits Defendants to redact any dollar amounts contained in the agreement. Plaintiff did not respond to Defendants' request for redaction in her reply. The Court will permit the redaction and require Defendants to supply the Administrative Services Agreement to Plaintiff within five days of this order.

The Court will also require production of the internal claims handling guidelines. *See Ennis v. Prudential Ins. Co. of America*, No. 4:12CV00432 SNLJ, 2013 WL 203293 at *2 (E.D. Mo. Jan. 17, 2013) (holding the internal claims handling manuals are discoverable when discerning whether the administrator followed its own internal procedures.). However, the Court will not permit Plaintiff to take a deposition of a corporate representative of Ascension. A deposition of a corporate representative requires significant time and resources and Plaintiff has not established a deposition is needed to establish a conflict of interest in this case. *See Westbrook v. Georgia-Pacific Corp.*, No. 4:05-CV-01331 GTE, 2006 WL 2772822 at *4 (E.D. Ark. Sept. 26, 2006) ("It is incumbent on ERISA plaintiffs seeking limited discovery to specifically demonstrate to the court why the discovery is necessary to prove their particular theory and . . . is more than a fishing expedition.").

In addition to the documents and deposition requested from Ascension, Plaintiff asks the Court to allow a subpoena be issued to Dane Street, a third-party vendor from which Defendants obtain independent medical reviews, for numerous documents and a deposition of a corporate representative. Plaintiff asserts the additional discovery is needed to establish a procedural irregularity in the decision to deny Plaintiff benefits. In support of this argument, Plaintiff states the four physicians' reports, relied upon by Defendants to deny Plaintiff's claim, contain nearly identical language in each report creating doubts about their independence.

The Court finds the similarity in language between the four physicians' reports to be concerning and may indicate evidence of a procedural irregularity. However, the discovery Plaintiff seeks from Dane Street is excessive, especially in an ERISA case where discovery is limited. The Court will allow discovery of the following documents requested by Plaintiff: (1) the contract or agreement between Defendant(s) and Dane Street pursuant to which Dane Street provided medical review services to Defendant(s); (2) any directions provided by Dane Street to the reviewing physicians; and (3) the number of reviews the physicians have performed for Dane Street on behalf of Defendants. The remaining documents Plaintiff seeks do not have any relevance to the irregularities Plaintiff asserts. The Court will not allow Plaintiff to take a deposition of a corporate representative of Dane Street. Plaintiff has not provided sufficient evidence to support such discovery in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Limited Discovery [ECF No. 24] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 11th Day of July, 2017.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE